1 | David P. Enzminger (SBN: 137065)
denzminger@winston.com
2 | James C. Lin (SBN: 271673)
jalin@winston.com
3 | WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
4 | Menlo Park, California 94025-4004
Telephone:   (650) 858-6500
5 | Facsimile:   (650) 858-6550

6 | Michael A. Tomasulo (SBN: 179389)
mtomasulo@winston.com
7 | Gino Cheng (SBN: 259208)
gcheng@winston.com
8 | David K. Lin (SBN: 278404)
dlin@winston.com
9 | WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
10 | Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
11 | Facsimile:   (213) 615-1750

12 | Dan K. Webb (*pro hac vice*)
dwebb@winston.com
13 | Kathleen B. Barry (*pro hac vice*)
kbarry@winston.com
14 | WINSTON & STRAWN LLP
35 West Wacker Drive
15 | Chicago, IL 60601-9703
Telephone:   (312) 558-5600
16 | Facsimile:   (312) 558-5700

17 | Attorneys for Plaintiffs
TAKE-TWO INTERACTIVE SOFTWARE, INC.,
18 | ROCKSTAR GAMES, INC. AND 2K SPORTS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., a Delaware Corporation, ROCKSTAR GAMES, INC., a Delaware Corporation, and 2K SPORTS, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATION BAY LLC, a Delaware Limited Liability Corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 6,701,344, 6,829,634, 6,732,147, 6,714,966, 6,920,497, AND 6,910,069**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Take-Two Interactive Software, Inc. ("Take Two"), Rockstar Games, Inc. ("Rockstar"), and 2K Sports, Inc. ("2K") (collectively, "Plaintiffs") by and through their attorneys, allege against Defendant Acceleration Bay, LLC ("Acceleration" or "Defendant") as follows:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaratory judgment of non-infringement of patents that Acceleration has asserted against Plaintiffs in district court proceedings before the United States District Court for the District of Delaware.

2. Plaintiffs seek a declaratory judgment that the "Accused Products" (as defined below) do not infringe any of the following patents: Nos. 6,701,344 ("the '344 patent") (attached as Exhibit A), 6,829,634 ("the '634 patent") (attached as Exhibit B), 6,732,147 ("the '147 patent") (attached as Exhibit C), 6,714,966 ("the '966 patent") (attached as Exhibit D), 6,920,497 ("the '497 patent") (attached as Exhibit E), and 6,910,069 ("the '069 patent") (attached as Exhibit F) (collectively, "the Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*.

**THE PARTIES**

3. Plaintiff Take Two is a Delaware corporation with its principal place of business at 622 Broadway in New York, NY 10012.

4. Plaintiff Rockstar is a Delaware corporation with its principal place of business at 622 Broadway in New York, NY 10012.

5. Plaintiff 2K is a Delaware corporation with its principal place of business at 10 Hamilton Landing in Novato, CA 94949.

6. Upon information and belief, Defendant Acceleration is a Delaware limited liability corporation with its principal place of business at 370 Bridge Parkway, Redwood City, California 94065.

**JURISDICTION**

7. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against Defendant for a declaration that pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, the disputed claims of U.S. Patent Nos. 6,701,344, 6,829,634, 6,732,147,

1  6,714,966, 6,920,497, and 6,910,069 are not infringed by Plaintiffs. Jurisdiction as to these claims is
2  conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).
3        8.     This Court has personal jurisdiction over Defendant Acceleration. Upon information
4  and belief, Acceleration's principal place of business is located within this District. In addition, the
5  Court has personal jurisdiction over Acceleration because it has established minimum contacts with
6  the forum and the exercise of jurisdiction would not offend traditional notions of fair play and
7  substantial justice.
8        9.     Venue is proper in this jurisdiction under 28 U.S.C. §§ 1391 and 1400(b).
9        10.    An actual controversy exists between Defendant and Plaintiffs as to whether Plaintiffs
10 infringe the Asserted Patents.
11       11.    On April 13, 2015, Acceleration filed a complaint (the "Take-Two Complaint") with
12 the District Court of the District of Delaware under 35 U.S.C. § 101 *et seq.* alleging that Take Two,
13 Rockstar, and 2K infringe the Asserted Patents through the manufacture, use, sale, importation
14 and/or offer for sale of their software products and services, including *Grand Theft Auto Online* and
15 *NBA 2K* (the "Delaware Action"; all products accused in that action are hereinafter referred to as the
16 "Accused Products"). The Take-Two Complaint further alleged that Take-Two, Rockstar, and 2K
17 contribute to and induce infringement of the Asserted Patents by others. A true and correct copy of
18 the Take-Two Complaint is attached hereto as Exhibit G.
19       12.    In the Delaware Action, Defendant elected the following claims to assert against
20 Plaintiffs:

| Asserted Patent | Asserted Claims |
|---|---|
| 6,701,344 | 1, 6-8, 13-15, and 18 |
| 6,714,966 | 1, 7, 9, 12, and 13 |
| 6,829,634 | 1, 4, 5, 6, 19, and 22 |
| 6,732,147 | 1, 11, 14, 15, and 16 |
| 6,910,069 | 1, 11, 12, and 13 |
| 6,920,497 | 1, 8, 9, and 16 |

13. Plaintiffs deny that any of their activities or products infringe any claim of the Asserted Patents purportedly owned by Defendant.

14. Defendant Acceleration alleged that it owned the Asserted Patents, purportedly having acquired them from the Boeing Company. However, on Plaintiffs' motion, the District Court of the District of Delaware found that Defendant Acceleration was a licensee and that the Boeing Company had failed to transfer all substantial rights in the Asserted Patents to Defendant Acceleration prior to the filing of the Take-Two Complaint. The District Court ordered that the Delaware Action be dismissed for lack of subject matter jurisdiction unless Boeing joins that action. A copy of the District Court's June 3, 2016 order is attached as Exhibit H.

15. Boeing has not joined the Delaware Action, and on information and belief, does not intend to do so. Therefore, the Delaware Action should be dismissed according to the Court's June 3, 2016 Order.

16. On June 15, 2016, Defendant Acceleration represented to the Patent Trial and Appeal Board of the United States Patent and Trademark Office that "Acceleration Bay and the Boeing Company entered into an Amended and Restated Patent Purchase Agreement resolving all of the issues identified by the District Court in its June 3, 2016 Order." Based on, *inter alia*, its prior allegations of infringement and this representation, Plaintiffs have reasonable apprehension that Defendant may again commence litigation against them on the Asserted Patents.

17. There is an immediate, real, and substantial justiciable controversy between Plaintiffs and Defendant as to its purported right to threaten or maintain suit for infringement of the Asserted Patents, and as to the scope and enforceability thereof, and as to whether Plaintiffs infringe any enforceable claims of the Asserted Patents. This controversy is of such immediacy and reality as to warrant declaratory relief so that the parties may ascertain their rights and duties with respect to the Asserted Patents. Therefore, without waiver of any rights, including the right to challenge prudential standing, Plaintiffs bring this declaratory judgment action seeking a declaration that the Accused Products do not infringe any of the Asserted Patents.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '344 Patent)

18. Plaintiffs incorporate herein by reference and reallege all preceding Paragraphs as though fully set forth herein.

19. Defendant Acceleration has alleged and continues to assert that Plaintiffs and their products and services infringe the '344 patent.

20. The asserted independent claims of the '344 patent read as follows (claim element enumeration added for convenience):

| Claim 1 |
| --- |
| **1-a.** A computer network for providing a game environment for a plurality of participants, |
| **1-b**. each participant having connections to at least three neighbor participants, |
| **1-c.** wherein an originating participant sends data to the other participants by sending the data through each of its connections to its neighbor participants and |
| **1-d**. wherein each participant sends data that it receives from a neighbor participant to its other neighbor participants, |
| **1-e.** further wherein the network is m-regular, where m is the exact number of neighbor participants of each participant and |
| **1-f.** further wherein the number of participants is at least two greater than m thus resulting in a non-complete graph. |
| **Claim 13** |
| **13-a**. A distributed game system comprising: |
| **13-b.** a plurality of broadcast channels, each broadcast channel for playing a game, |
| **13-c.** each of the broadcast channels for providing game information related to said game to a plurality of participants, |
| **13-d.** each participant having connections to at least three neighbor participants, |
| **13-e.** wherein an originating participant sends data to the other participants by sending the data through each of its connections to its neighbor participants and |
| **13-f.** wherein each participant sends data that it receives from a neighbor participant to its neighbor participants, |
| **13-g**. further wherein the network is m-regular, where m is the exact number of neighbor participants of each participant and |
| **13-h.** further wherein the number of participants is at least two greater than m thus resulting in a non-complete graph; |
| **13-i**. means for identifying a broadcast channel for a game of interest; |
| **13-j.** and means for connecting to the identified broadcast channel. |
| **Claim 18** |
| **18-a.** A computer network for providing a game environment for a plurality of participants, |
| **18-b.** each participant having connections to at least three neighbor participants, |
| **18-c.** wherein an originating participant sends data to the other participants by sending the data through each of its connections to its neighbor participants and |
| **18-d.** wherein each participant sends data that it receives from a neighbor participant to its other neighbor participants, |
| **18-e**. further wherein the network is m-regular and the network forms an incomplete graph. |

4

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT - CASE NO.

21. Plaintiffs do not infringe any of the asserted claims, at least because, by way of non-limiting example, the Accused Products do not meet the following claim limitations: claim 1, elements 1-b, 1-c, 1-d, 1-e, 1-f; claim 13, elements 13-d, 13-e, 13-f, 13-g, 13-h, 13-i, 13-j; and claim 18, elements 18-b, 18-c, 18-d, 18-e.

22. Plaintiffs' activities, products, and services have not and do not directly infringe, do not induce infringement, and do not contributorily infringe any enforceable claims of the '344 patent.

23. Plaintiffs' activities, products, and services have not and do not infringe, willfully or otherwise, any enforceable claims of the '344 patent.

24. Plaintiffs' activities, products, and services have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '344 patent.

25. Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Plaintiffs are not infringing and have not infringed the '344 patent and granting Plaintiffs all other declaratory relief to which they may be entitled.

## SECOND CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '634 Patent)

26. Plaintiffs incorporate herein by reference and reallege the all preceding Paragraphs as though fully set forth herein.

27. Defendant Acceleration has alleged and continues to assert that Plaintiffs and their products and services infringe the '634 patent.

28. The asserted independent claims of the '634 patent read as follows (claim element enumeration added for convenience):

| Claim 1 |
|---|
| **1-a.** A non-routing table based computer network having a plurality of participants, |
| **1-b.** each participant having connections to at least three neighbor participants, |
| **1-c.** wherein an originating participant sends data to the other participants by sending the data through each of its connections to its neighbor participants, |
| **1-d.** wherein each participant sends data that it receives from a neighbor participant to its other neighbor participants, |
| **1-e.** wherein data is numbered sequentially so that data received out of order can be queued and rearranged, |

| | |
|---|---|
| **1-f.** | further wherein the network is m-regular and m-connected, where m is the number of neighbor participants of each participant, and |
| **1-g.** | further wherein the number of participants is at least two greater than m thus resulting in a non-complete graph. |
| **Claim 19** | |
| **19-a.** | A non-routing table based computer-readable medium containing instructions for controlling communications of a participant of a broadcast channel within a network, by a method comprising: |
| **19-b.** | locating a portal computer; |
| **19-c.** | requesting the located portal computer to provide an indication of neighbor participants to which the participant can be connected; receiving the indications of the neighbor participants; and |
| **19-d.** | establishing a connection between the participant and each of the indicated neighbor participants, |
| **19-e.** | wherein a connection between the portal computer and the participant is not established, |
| **19-f.** | wherein a connection between the portal computer and the neighbor participants is not established, |
| **19-g.** | further wherein the network is m-regular and m-connected, where m is the number of neighbor participants of each participant, and |
| **19-h.** | further wherein the number of participants is at least two greater than m thus resulting in a non-complete graph. |

29. Plaintiffs do not infringe any of the asserted claims, at least because, by way of non-limiting example, the Accused Products do not meet the following claim limitations: claim 1, elements 1-a, 1-b, 1-c, 1-d, 1-e, 1-f, 1-g; and claim 19, elements 19-a, 19-b, 19-c, 19-d, 19-e, 19-f, 19-g, 19-h.

30. Plaintiffs' activities, products, and services have not and do not directly infringe, do not induce infringement, and do not contributorily infringe any enforceable claims of the '634 patent.

31. Plaintiffs' activities, products, and services have not and do not infringe, willfully or otherwise, any enforceable claims of the '634 patent.

32. Plaintiffs' activities, products, and services have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '634 patent.

33. Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Plaintiffs are not infringing and have not infringed the '634 patent and granting Plaintiffs all other declaratory relief to which they may be entitled.

## THIRD CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '147 Patent)

34. Plaintiffs incorporate herein by reference and reallege all preceding Paragraphs as though fully set forth herein.

35. Defendant Acceleration has alleged and continues to assert that Plaintiffs and their products and services infringe the '147 patent.

36. The asserted independent claims of the '147 patent read as follows (claim element enumeration added for convenience):

| **Claim 1** |
|---|
| **1-a.** A method of disconnecting a first computer from a second computer, the first computer and the second computer being connected to a broadcast channel, said broadcast channel forming an m-regular graph where m is at least 3, the method comprising: |
| **1-b.** when the first computer decides to disconnect from the second computer, the first computer sends a disconnect message to the second computer, said disconnect message including a list of neighbors of the first computer; |
| **1-c.** and when the second computer receives the disconnect message from the first computer, the second computer broadcasts a connection port search message on the broadcast channel to find a third computer to which it can connect in order to maintain an m-regular graph, |
| **1-d.** said third computer being one of the neighbors on said list of neighbors. |
| **Claim 11** |
| **11-a.** A computer-readable medium containing instructions for controlling disconnecting of a computer from another computer, the computer and the other computer being connected to a broadcast channel, said broadcast channel being an m-regular graph where m is at least 3, comprising: |
| **11-b.** a component that, when the computer decides to disconnect from the other computer, the computer sends a disconnect message to the other computer, said disconnect message including a list of neighbors of the computer; |
| **11-c.** and a component that, when the computer receives a disconnect message from another computer, the computer broadcasts a connection port search message on the broadcast channel to find a computer to which it can connect in order to maintain an m-regular graph, |
| **11-d.** said computer to which it can connect being one of the neighbors on said list of neighbors. |

37. Plaintiffs do not infringe any of the asserted claims, at least because, by way of non-limiting example, the Accused Products do not meet the following claim limitations: claim 1, elements 1-a, 1-b, 1-c, 1-d; and claim 11, elements 11-a, 11-b, 11-c, 11-d.

38. Plaintiffs' activities, products, and services have not and do not directly infringe, do not induce infringement, and do not contributorily infringe any enforceable claims of the '147 patent.

39. Plaintiffs' activities, products, and services have not and do not infringe, willfully or otherwise, any enforceable claims of the '147 patent.

40. Plaintiffs' activities, products, and services have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '147 patent.

41. Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Plaintiffs are not infringing and have not infringed the '147 patent and granting Plaintiffs all other declaratory relief to which they may be entitled.

## FOURTH CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '966 Patent)

42. Plaintiffs incorporate herein by reference and reallege all preceding Paragraphs as though fully set forth herein.

43. Defendant Acceleration has alleged and continues to assert that Plaintiffs and their products and services infringe the '966 patent.

44. The asserted independent claims of the '966 patent read as follows (claim element enumeration added for convenience):

| Claim 1 |
|---|
| **1-a.** A computer network for providing an information delivery service for a plurality of participants, |
| **1-b.** each participant having connections to at least three neighbor participants, |
| **1-c.** wherein an originating participant sends data to the other participants by sending the data through each of its connections to its neighbor participants and |
| **1-d.** wherein each participant sends data that it receives from a neighbor participant to its other neighbor participants, |
| **1-e.** further wherein the network is m-regular, where m is the exact number of neighbor participants of each participant and |
| **1-f.** further wherein the number of participants is at least two greater than m thus resulting in a non-complete graph. |
| **Claim 13** |
| **13-a.** An information delivery service comprising: |
| **13-b.** a plurality of broadcast channels, each broadcast channel for distributing information relating to a topic, |
| **13-c.** each of the broadcast channels for providing said information related to a topic to a plurality of participants, |
| **13-d.** each participant having connections to at least three neighbor participants, |
| **13-e.** wherein an originating participant sends data to the other participants by sending the data through each of its connections to its neighbor participants and |
| **13-f.** wherein each participant sends data that it receives from a neighbor participant to its neighbor participants, |

8

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT - CASE NO.

> **13-g.** further wherein the network is m-regular, where m is the exact number of neighbor participants of each participant and
> **13-h.** further wherein the number of participants is at least two greater than m thus resulting in a non-complete graph;
> **13-i.** means for identifying a broadcast channel for a topic of interest; and
> **13-j.** means for connecting to the identified broadcast channel.

45. Plaintiffs do not infringe any of the asserted claims, at least because, by way of non-limiting example, the Accused Products do not meet the following claim limitations: claim 1, elements 1-b, 1-c, 1-d, 1-e, 1-f; and claim 13, elements 13-d, 13-e, 13-f, 13-g, 13-h, 13-i, 13-j.

46. Plaintiffs' activities, products, and services have not and do not directly infringe, do not induce infringement, and do not contributorily infringe any enforceable claims of the '966 patent.

47. Plaintiffs' activities, products, and services have not and do not infringe, willfully or otherwise, any enforceable claims of the '966 patent.

48. Plaintiffs' activities, products, and services have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '966 patent.

49. Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Plaintiffs are not infringing and have not infringed the '966 patent and granting Plaintiffs all other declaratory relief to which they may be entitled.

**FIFTH CAUSE OF ACTION**

(Declaratory Judgment of Non-Infringement of the '497 Patent)

50. Plaintiffs incorporate herein by reference and reallege all preceding Paragraphs as though fully set forth herein.

51. Defendant Acceleration has alleged and continues to assert that Plaintiffs and their products and services infringe the '497 patent.

52. The asserted independent claims of the '497 patent read as follows (claim element enumeration added for convenience):

9

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT - CASE NO.

| | |
|---|---|
| **Claim 1** | |
| **1-a.** A method in a computer for locating a computer through which to connect to a network, the method comprising: | |
| **1-b.** providing an identification of a portal computer or a plurality of portal computers, the portal computer or the plurality of portal computers having a communications port or communications ports with a call-in port being enabled for communications when the portal computer or the plurality of portal computers is in a state to coordinate the connection of a seeking computer to the network, | |
| **1-c.** wherein the call-in port is a type of communications port; | |
| **1-d.** selecting the communications port or communications ports of the portal computer or the plurality of portal computers and attempting to communicate with the selected communications port or communications ports until communications with the call-in port is successful, | |
| **1-e.** wherein a port ordering algorithm is used to identify the call-in port, and | |
| **1-f.** wherein the communications ports selected by the port ordering algorithm may be reordered; and | |
| **1-g.** using the call-in port to request that the portal computer or the plurality of portal computers coordinate the connecting of the seeking computer to the network. | |
| **Claim 9** | |
| **9-a.** A component in a computer system for locating a call-in port of a portal computer, comprising: | |
| **9-b.** means for identifying the portal computer, the portal computer having a dynamically selected call-in port for communicating with other computers; | |
| **9-c.** means for identifying the call-in port of the identified portal computer by repeatedly trying to establish a connection with the identified portal computer through contacting a communications port or communications ports until a connection is successfully established; | |
| **9-d.** means for selecting the call-in port of the identified portal computer using a port ordering algorithm; and | |
| **9-e.** means for re-ordering the communications ports selected by the port ordering algorithm. | |

53.     Plaintiffs do not infringe any of the asserted claims, at least because, by way of non-limiting example, the Accused Products do not meet the following claim limitations: claim 1, elements 1-b, 1-c, 1-d, 1-e, 1-f, 1-g; and claim 9, elements 9-b, 9-c, 9-d, 9-e.

54.     Plaintiffs' activities, products, and services have not and do not directly infringe, do not induce infringement, and do not contributorily infringe any enforceable claims of the '497 patent.

55.     Plaintiffs' activities, products, and services have not and do not infringe, willfully or otherwise, any enforceable claims of the '497 patent.

56.     Plaintiffs' activities, products, and services have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '497 patent.

57.     Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Plaintiffs are not infringing and have

not infringed the '497 patent and granting Plaintiffs all other declaratory relief to which they may be entitled.

## SIXTH CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '069 Patent)

58. Plaintiffs incorporate herein by reference and reallege all preceding Paragraphs as though fully set forth herein.

59. Defendant Acceleration has alleged and continues to assert that Plaintiffs and their products and services infringe the '069 patent.

60. The asserted independent claim of the '069 patent reads as follows (claim element enumeration added for convenience):

| Claim 1 |
| --- |
| **1-a.** A computer-based, non-routing table based, non-switch based method for adding a participant to a network of participants, each participant being connected to three or more other participants, the method comprising: |
| **1-b.** identifying a pair of participants of the network that are connected |
| **1-c.** wherein a seeking participant contacts a fully connected portal computer, |
| **1-d.** which in turn sends an edge connection request to a number of randomly selected neighboring participants to which the seeking participant is to connect; |
| **1-e.** disconnecting the participants of the identified pair from each other; and |
| **1-f.** connecting each participant of the identified pair of participants to the seeking participant. |

61. Plaintiffs do not infringe any of the asserted claims, at least because, by way of non-limiting example, the Accused Products do not meet the following claim limitations: claim 1, elements 1-a, 1-b, 1-c, 1-d, 1-e, 1-f.

62. Plaintiffs' activities, products, and services have not and do not directly infringe, do not induce infringement, and do not contributorily infringe any enforceable claims of the '069 patent.

63. Plaintiffs' activities, products, and services have not and do not infringe, willfully or otherwise, any enforceable claims of the '069 patent.

64. Plaintiffs' activities, products, and services have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '069 patent.

65. Plaintiffs seek a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Plaintiffs are not infringing and have

1  not infringed the '069 patent and granting Plaintiffs all other declaratory relief to which they may be
2  entitled.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Take Two, Rockstar, and 2K respectfully pray for relief against Defendant as follows:

1. For a declaratory judgment that:

    a. Plaintiffs have not and do not infringe, willfully or otherwise, any enforceable claim of the Asserted Patents; and

    b. Defendant, and those acting in concert with it or acting with knowledge of the judgment herein, are without right or authority to threaten or maintain suit against Plaintiffs, or users of Plaintiffs' products or services, for alleged infringement of the Asserted Patents;

2. Enjoining Defendant, its officers, agents, servants, employees, and all persons acting in concert or participation with Defendant from initiating infringement litigation against, and from threatening, Plaintiffs or purchasers or users of Plaintiffs' products or services with infringement litigation or charging any of them verbally or in writing with infringement of the Asserted Patents, or representing to any of them that infringement has occurred, because of any activities of Plaintiffs;

3. Determining that this is an exceptional case under 35 U.S.C. § 285;

4. For Plaintiffs' costs and reasonable attorneys' fees incurred herein; and

5. For such other and further relief as the Court may deem appropriate.

Dated:  June 16, 2016               WINSTON & STRAWN LLP

                                    By  */s/ David P. Enzminger*
                                        David P. Enzminger
                                        James C. Lin
                                        Michael A. Tomasulo
                                        Gino Cheng
                                        David K. Lin
                                        Dan K. Webb
                                        Kathleen B. Barry
                                        Attorneys for Plaintiffs
                                        TAKE-TWO INTERACTIVE SOFTWARE,
                                        INC., ROCKSTAR GAMES, INC. and 2K
                                        SPORTS, INC.

**DEMAND FOR JURY TRIAL**

Plaintiffs Take Two, Rockstar, and 2K request a trial by jury of all issues so triable.

Dated: June 16, 2016               WINSTON & STRAWN LLP

By   */s/ David P. Enzminger*
       David P. Enzminger
       James C. Lin
       Michael A. Tomasulo
       Gino Cheng
       David K. Lin
       Dan K. Webb
       Kathleen B. Barry
       Attorneys for Plaintiffs
       TAKE-TWO INTERACTIVE SOFTWARE, INC., ROCKSTAR GAMES, INC. and 2K SPORTS, INC.